IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT YOUNG § | | |
| (BOP Register No. 19265-076), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:17-cv-22-C-BN | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Albert Young, at the time a federal prisoner incarcerated at FCI Seagoville, in the Dallas Division of this district, filed a petition under 28 U.S.C. § 2241. *See* Dkt. Nos. 3 & 4. This resulting habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636 and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Young, who was not convicted in this district but in the Western District of Tennessee, brings claims challenging his underlying convictions and sentences – that his sentences should have been run concurrently and been shorter; that the sentencing court failed to properly consider the factors under 18 U.S.C. § 3553(a); and that his convictions and sentences violate the Fifth Amendment's double jeopardy clause – and a claim challenging the Bureau of Prisons's ("BOP") calculation of his sentence – its running them consecutively and its denying him a 483-day sentencing credit.

The government filed a court-ordered response to Young's petition. *See* Dkt. Nos.

11 & 12; *see also* Dkt. No. 10. Young failed to file a reply brief by the deadline to do so. *See* Dkt. No. 10. And, on August 21, 2018, the government notified the Court that Young was released from BOP custody on April 11, 2018. *See* Dkt. No. 14.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice for lack of jurisdiction (as to the conviction-and-sentencing claims) and as moot (as to the BOP-calculation claim).

**Legal Standards and Analysis**

I.  Conviction and Sentencing

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like the bulk of Young's – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78). But, under Section 2255's

> savings clause, a § 2241 petition that attacks custody resulting from a

>federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
>[A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

In sum, because Young fails to raise a conviction-and-sentencing claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider" those claims. *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)); *cf. Scott v. Ebberts*, No. 1:09-CV-2379, 2010 WL 391814, at *4 (M.D. Penn. Jan. 11, 2010) ("[T]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.").

II.     The BOP's Calculation of the Sentence

While the Court did have jurisdiction over Young's claim that the BOP improperly calculated the length of his sentence, his release from BOP custody – even though a court in the Western District of Tennessee also sentenced him to a term of supervised release – moots this Court's consideration of that claim.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

"Since [Young] has been released from custody, even if the BOP improperly calculated his sentence, [the BOP] can no longer provide the relief [that Young] requests, and the petition should be dismissed [in part] as moot." *Castro-Frias v. Laughlin*, No. 5:11cv174-DCB-RHW, 2012 WL 4339102, at *2 (S.D. Miss. July 13, 2012) (further noting that a sentencing credit "is not applicable to the post-release supervision period of [a prisoner's] sentence. As the [United States Supreme] Court recognized in *United States v. Johnson*, 529 U.S. 53, 59 (2000), '[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.'"), *rec. adopted*, 2012 WL 4339216 (S.D. Miss. Sept. 20,

2012); *see also Parrish v. Babcock*, No. 3:10cv32/MCR/MD, 2010 WL 5137414, at *3 (N.D. Fla. Nov. 9, 2010) (collecting cases), *rec. adopted*, 2010 WL 5126369 (N.D. Fla. Dec. 9, 2010).

It is significant, however, that, as a component of the applicable sentence, Young received two years of supervised release. *See* Dkt. No. 12 at 25.

The Court "cannot order [a petitioner's] term of supervised release automatically reduced – by construing it as having started on the date he should have been released from prison – because ... a term of supervised release begins by law when an inmate is actually released from prison." *Green v. Woodring*, 694 F. Supp. 2d 1115, 1121-22 (C.D. Cal. 2010) (citing 18 U.S.C. § 3624(e); *Johnson*, 529 U.S. at 56-59 (applying Section 3624(e) as meaning that supervised release begins on actual release even if prisoner should have been released earlier); citation omitted). But "a sentencing court, as the 'supervisor' over supervised release, can provide relief in such a case by modifying the terms of supervised relief or ordering early termination." *Id.* at 1122 (citing *Johnson*, 529 U.S. at 60; 18 U.S.C. § 3583(e); citation omitted).

Young may wish to raise such a claim in the Western District of Tennessee. But "[t]he possibility that the sentencing court will use its discretion to modify the length of [Young's] term of supervised release under 18 U.S.C. 3583(e), which it may do as long as the reason for doing so is not to offset excess prison time, *Johnson*, 529 U.S. at 57-60, is so speculative that any decision on the merits by [this Court] would be merely advisory and not in keeping with Article III's restriction of power," *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009) (footnote and citation omitted); *cf. Deutsch v. United*

*States*, 221 F.3d 1338 (table), 2000 WL 874913, at *1 (7th Cir. June 29, 2000) (per curiam) ("A challenge to the BOP's calculation of his sentence must be brought under 28 U.S.C. § 2241 ... in the district of confinement, rather than the district of conviction, see 28 U.S.C. § 2241(a). Finally, we note that since filing his complaint Deutsch has been released from prison and has begun serving his term of supervised release. As we observed in *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir.2000), the district court, not the BOP, oversees a defendant's compliance with the conditions of his supervised release Thus, because Deutsch's only challenge is to the actions of the BOP, and he is no longer in its custody, his challenge is moot.").

## Recommendation

The Court should dismiss Petitioner Albert Young's 28 U.S.C. § 2241 habeas petition without prejudice for lack of jurisdiction (as to the conviction-and-sentencing claims) and as moot (as to the BOP-calculation claim).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE